# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1098. JOHNNIE DURDEN v. THE STATE.**

This is the fourth time Johnnie Lee Durden has appealed to this Court. The record shows that in 2007, Durden entered guilty pleas on three different indictments to several offenses and was sentenced to serve 17 years. Durden subsequently filed an extraordinary motion for new trial, which the trial court denied in 2012. Durden filed a notice of appeal from that order, but we dismissed the appeal because it was untimely and Durden had failed to follow the appropriate appellate procedures. Case No. A15A0059 (decided Sept. 15, 2014). Durden then filed an extraordinary motion to withdraw his guilty plea. The trial court dismissed the motion as untimely, and Durden once again appealed. In an unpublished opinion, we affirmed the trial court's dismissal. Case No. A16A0747 (decided May 2, 2016). Thereafter, Durden filed a motion to vacate a void conviction. The trial court denied his motion, and Durden filed an application for discretionary review of that order. We dismissed the application because a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case. Case No. A17D0383 (decided May 1, 2017).

Durden then filed a motion for out-of-time appeal apparently based on ineffective assistance of counsel. On September 1, 2020, the trial court held a hearing on the motion, during which the judge stated "I'm going to allow you to file an out-of-time appeal. You have 30 days from today's date to file that motion. All right. We'll get an order done to that effect." But later that same day, the trial court entered an order wherein it stated that after considering Durden's arguments on the motion for an out-of-time appeal, it would conduct an in-person evidentiary hearing

permitting Durden to present evidence on ineffective assistance of counsel claims with respect to the withdrawal of his guilty pleas. But the trial court's order did not expressly rule on his motion for an out-of-time appeal. Durden filed a notice of appeal. We lack jurisdiction.

Durden asserts that he is seeking to appeal the order granting his motion for out-of-time appeal. But Durden has not provided this Court with the trial court's order, and the motion for out-of-time appeal was only granted orally at the September 1, 2020 hearing. However, an oral pronouncement does not constitute a final, appealable order such as is required to invoke this Court's appellate jurisdiction. See OCGA § 5-6-34 (a) (1) (appeals may be taken to this Court from "final judgments"); OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article."). Consequently, Durden's notice of appeal is premature because, given the apparent absence of a trial court order, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
        Clerk's Office, Atlanta, __04/13/2021__
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.